No. 04-00-00817-CV



Wayne CHAMPAGNE,


Appellant



v.



Kenneth D. SMITH,


Appellee



From the County Court at Law No. 2, Bexar County, Texas


Trial Court No. 251113


Honorable Bill C. White, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 25, 2001


REVERSED AND RENDERED

 This is an appeal from a verdict in favor of appellee following a bench trial. We conclude that
the evidence is legally insufficient to support the trial court's award of damages in the amount of
$2,537.13. Therefore, we reverse and render judgment in appellant's favor.



BACKGROUND

 Appellee, Kenneth Smith, sued appellant, Wayne Champagne, for damages arising from the
breach of an alleged oral contract. The trial court found that Champagne was indebted to Smith and
awarded damages in the amount of $2,537.13. Although Champagne timely filed his request for
findings of fact and conclusions of law and his notice of past due findings of fact and conclusions of
law, the trial court did not issue any findings or conclusions. By operation of law, the trial court
denied the appellant's timely motion for new trial.

ANALYSIS

 Champagne asserts the evidence is legally and factually insufficient to justify the amount of
damages awarded to Smith. The record indicates that the trial court did not comply with
Champagne's timely requests for findings of fact and conclusions of law. Further, Champagne
properly and timely brought to the attention of the trial court its failure to comply with his request.
See Tex. R. Civ. P. 297 (Vernon 2000). Champagne argues that he was harmed by the trial court's
failure to comply with his request because no evidence is present in the record to support the trial
court's ruling as to the amount of damages. Even if the trial court had entered findings of fact and
conclusions of law, we would still sustain Champagne's legal sufficiency challenge.

 The reporter's record indicates that the witnesses, Champagne and Smith, did not testify as
to the amount claimed to be owed and no exhibits evidencing an amount owed were offered or
admitted. After reviewing the record, the amount of damages appears randomly selected by the trial
court. Therefore, the evidence is legally insufficient to support the trial court's judgment.

 The judgment of the trial court is reversed and judgment is rendered that appellee, Kenneth
D. Smith, take nothing on his claims against appellant, Wayne Champagne. 

 

 Tom Rickhoff, Justice

DO NOT PUBLISH